IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDY RODRIGUEZ,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-5163 |
| | : | |
| LEHIGH COUNTY JAIL, *et al.*,<br>    Defendants. | : | |

<u>MEMORANDUM</u>

McHUGH, J.                                                                                                          JANUARY 26, 2024

Currently before the Court is a Complaint filed by *pro se* Plaintiff Andy Rodriguez, an inmate currently confined at the Lehigh County Jail ("LCJ"), alleging violations of his civil rights in connection with deductions from his prison account. Rodriguez seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Rodriguez leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice.

I.    **FACTUAL ALLEGATIONS AND LITIGATION HISTORY**[1]

On June 4, 2020, Mr. Rodriguez commenced a civil action in this Court based on alleged improper deductions from his prison account at LCJ. *See Rodriguez v. Miller*, No. 20-3605, 2020 WL 4735707 (E.D. Pa. Aug. 14, 2020). Named as Defendants were Chris Miller, identified as the person responsible for inmate accounts at LCJ, and LCJ Warden Kyle A. Russel. *Id.* at *1. Rodriguez alleged that funds in his inmate account were deducted to repay alleged internal restitution charges stemming from an incident in which he was accused of damaging jail

---

[1] The following facts are taken from the Complaint and the publicly available dockets for prior civil actions filed by Rodriguez, of which this Court takes judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that court may take judicial notice of the record from previous court proceedings).

property. *Id.* The underlying incident was alleged to have occurred twenty-seven years earlier, when he was an inmate at LCJ. *Id.* Mr. Rodriguez filed a grievance about the allegedly improper deductions, but the grievance was denied at each stage of the process, with Defendant Russell issuing the denial at the final stage. *Id.* Rodriguez claimed that the deductions violated his due process rights, for which he sought the return of his money and nominal damages. *Id.*

The undersigned dismissed Rodriguez's Complaint upon screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) after granting him leave to proceed *in forma pauperis*. The Court found that, although Rodriguez had a protected property interest in the funds held in his inmate account, his Fourteenth Amendment rights were not violated. *Id.* at *2-3. Courts have held that where money is deducted from an inmate's account as "routine matters of accounting," a pre-deprivation process is unnecessary and all that is required is adequate notice regarding the policy and an opportunity to be heard through an adequate post-deprivation procedure. *Id.* at *2 (citing *Montanez v. Sec'y Pennsylvania Dep't of Corr.*, 773 F.3d 472, 483-84 (3d Cir. 2014)). Fees charged to recoup institutional restitution charges have been deemed to be routine accounting matters for which a pre-deprivation hearing is unnecessary. *Id.* (citing *Mayo v. Oppman*, No. 17-311, 2019 WL 2513685, at *3 (W.D. Pa. June 18, 2019). Because Mr. Rodriguez utilized the LCJ grievance policy to contest the propriety of the deduction and to seek the return of the funds before commencing his lawsuit in this court, Rodriguez was provided with all the process to which he was entitled. *Id.*[2]

---

[2] The Court also found that to the extent Rodriguez asserted a claim against the Warden based on his role as final arbiter in the prison grievance process, such claim was not plausible because inmates do not have a constitutionally protected right to the grievance process. *Rodriguez*, 2020 WL 4735707, at *2 (citing *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (*per curiam*); *Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (*per curiam*)).

On December 28, 2023, Mr. Rodriguez filed this civil action based on the same events at issue in Civil Action No. 20-3605.  Currently named as Defendants are LCJ, Warden of LCJ Tim Carver, and Chris Miller, who again is identified as the individual responsible for inmate accounts at LCJ.  (Compl. at 1-2.)  Rodriguez again alleges that he was accused of damaging a television while he "was at the Salisbury facility around 1990's" for which he was given a misconduct.  *(Id.* at 5.)  He asserts that "charges should have been [filed], but weren't."  *(Id.)*  According to Rodriguez, "the Salisbury facility and or Lehigh County Jail" have deducted funds from his account for the past thirty-three years, leaving him unable to purchase commissary items.  *(Id.)*  He asserts that he filed a grievance regarding this matter, which was rejected "due to time limitations."  *(Id.* at 4, 6.)  Mr. Rodriguez seeks the return of his funds, as well as monetary damages.  *(Id.* at 5.)

## II.     STANDARD OF REVIEW

The Court will grant Rodriguez leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[3] Because Rodriguez is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

(quotations omitted); *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

As Rodriguez is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'"  *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'"  *Id.* (quoting *Mala*, 704 F.3d at 245).

Additionally, a court may dismiss a complaint based on an affirmative defense, such as res judicata or the statute of limitations, when the defense is apparent on the face of the complaint.  *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (a complaint may be dismissed for failure to state a claim on statute of limitations grounds when the defense is apparent on the face of the complaint); *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006) (*per curiam*) (observing that "*[r]es judicata* is a proper basis for dismissal under 28 U.S.C. § 1915(e)(2)(B)"); *Atwell v. Metterau*, 255 F. App'x 655, 657 (3d Cir. 2007) (*per curiam*) ("[A] court may *sua sponte* dismiss an action [on the basis of res judicata] where the court is on notice that it previously decided the issue presented." (citing *Arizona v. California*, 530 U.S. 392, 412 (2000))); *Whitenight v. Cmwlth. of Pa. State Police*, 674 F. App'x 142, 144 (3d Cir. 2017) (*per curiam*) ("When screening a complaint under § 1915, a district court may *sua sponte* dismiss the complaint as untimely under the statute of limitations where the defense is obvious from the complaint and no development of the factual record is required." (citations omitted)); *see also Weinberg v. Scott E. Kaplan, LLC*, 699 F. App'x 118, 120 n.3 (3d

4

Cir. 2017) ("With respect to affirmative defenses, such as res judicata . . . [the Court] may also look beyond the complaint to public records, including judicial proceedings.").

**III.  DISCUSSION**

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  The Court understands Rodriguez to once again allege Fourteenth Amendment due process claims based on deductions from his inmate account to repay restitution charges stemming from a long-ago incident in which he was accused of damaging jail property.

Mr. Rodriguez's due process claims in this case are precluded due to the dismissal of his prior case based on the same subject matter.  "Claim preclusion — which some courts and commentators also call res judicata — protects defendants from the risk of repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits."  *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) (internal quotations omitted).  Claim preclusion prevents parties from raising issues that could have been raised and decided in a prior case regardless of whether those issues were litigated.  *Id.*  In other words, "[t]he prior judgment's preclusive effect . . . extends not only to the claims that the plaintiff brought in the first action, but also to any claims the plaintiff could have asserted in the previous lawsuit."  *Id.* at 231-32.  "Claim preclusion similarly reaches theories of recovery:  a plaintiff who asserts a different theory of recovery in a separate lawsuit cannot avoid claim preclusion when the events underlying the two suits are essentially the same."  *Id.* at 232; *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010) ("'Rather than resting on the

specific legal theory invoked, res judicata generally is thought to turn on the *essential similarity* of the underlying events giving rise to the various legal claims.'") (quoting *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983-84 (3d Cir. 1984)). The "purpose of [the res judicata] doctrine is to relieve the parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudications." *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 551 (3d Cir. 2006) (citation omitted).

Three elements are required for claim preclusion to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies[4] and (3) a subsequent suit based on the same cause of action." *Marmon Coal Co. v. Dir., Office Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted). All three elements of res judicata exist here. With respect to the first element, the Court's August 14, 2020 Memorandum and Order dismissing Civil Action No. 20-3635 with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) constitutes a "final judgment on the merits" for purposes of res judicata. *See Rodriguez v. Miller*, Civ. A. No. 20-3605 (E.D. Pa.) (ECF Nos. 5, 6); *see also Gimenez*, 202 F. App'x at 584 ("A dismissal under the *in forma pauperis* statute . . . qualifies as an adjudication on the merits carrying preclusive effect for purposes of any future *in forma pauperis* actions raising the same claim."). The second element also is met. Rodriguez named Chris Miller as a Defendant in each lawsuit. He named the current Warden of LCJ in the present lawsuit, while he named the then-current Warden of LCJ in his prior lawsuit. Thus, the Defendants named in this case, or their privies, were named by

---

[4] Claims against individuals who were not parties to the prior lawsuit may be precluded in certain circumstances, including when there is a substantive legal relationship between the party and nonparty. *Taylor v. Sturgell*, 553 U.S. 880, 893-94 (2008).

Rodriguez in his prior lawsuit.[5]  *See Gage v. Somerset Cnty.*, No. 22-2696, 2023 WL 179847, at *1 (3d Cir. Jan. 13, 2023) (*per curiam*) (finding privity requirement satisfied to bar claims against supervisor who was named in second lawsuit because he allegedly knew about his employees' illegal conduct and sought to cover it up); *see also Sheridan*, 609 F.3d at 261 ("The fact that there are additional parties in *Sheridan II* does not affect our conclusion" that claim preclusion applies); *Pasqua v. Cnty. of Hunterdon*, No. 15-3501, 2017 WL 5667999, at *12 (D.N.J. Nov. 27, 2017) ("[W]here the claims presented in the two actions are identical, the County Defendants were named in both actions, and the Individual Defendants have a close and significant relationship to the County Defendants, the Court finds that the 'same parties or their privies' requirement of the claim preclusion defense has been satisfied.") (citing cases).  With regard to the third prong, it is readily apparent that Rodriguez's Complaint in this action is based on the same series of events at issue in his prior case.  Accordingly, the final judgment in his prior lawsuit precludes Rodriguez from reasserting his claims in this lawsuit.

Even if Mr. Rodriguez's current due process claims were not precluded, his claims would be barred by the statute of limitations.  The statute of limitations for a § 1983 claim arising in Pennsylvania is two years.  *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).  A § 1983 action accrues when the plaintiff knew or should have known of the injury upon which the action is based.  *Id.*  The United States Court of Appeals for the Third Circuit has held that "with regard to

---

[5] Rodriguez listed LCJ as a Defendant in the caption of the Complaint, although it is not included in the list of Defendants.  (*See* Compl. at 1-2.)  Even assuming the claims against LCJ were not precluded, there is no legal basis for any § 1983 claims against LCJ because a jail is not a "person" under § 1983 and therefore is not subject to liability under the statute.  *Miller v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271, 274 (E.D. Pa. 1976)); *Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Regan v. Upper Darby Twp.*, No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009).  Accordingly, the § 1983 claims against LCJ must be dismissed with prejudice.

deductions from inmate accounts that an alleged violation of an inmate's Fourteenth Amendment right to due process occurs at the moment he was deprived of his property interest without notice and a predeprivation hearing (*i.e.*, when prison employees seized the money in his inmate account)." *Montanez*, 773 F.3d at 480 (citation, alterations, and internal quotations omitted). Here, Rodriguez's alleged injury occurred thirty-three years ago when the funds were first deducted from his prison account and accrued within a month of the first deduction. *See id.* Furthermore, Rodriguez cannot avoid application of the statute of limitations by invoking the continuing violation doctrine based on the prison's practice of deducting funds from his inmate account. *See id.* at 481 ("The DOC's decision to enforce the DOC Policy against Montañez and its first deduction from his prison account constituted a discrete and independently actionable act, which triggered Montañez's obligation to assert his rights. The fact that the DOC made subsequent deductions pursuant to the DOC Policy does not make out a continuing violation.").

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Mr. Rodriguez leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court concludes that amendment would be futile because Rodriguez cannot cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order follows, which dismisses this case, and which shall be docketed separately.

BY THE COURT:

/s/ Gerald Austin McHugh
_____
**GERALD A. McHUGH, J.**